# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| Carlos Manuel Molina, | |
| Plaintiff, | Case No. _____ |
| v. | |
| | PLAINTIFF DEMANDS |
| | TRIAL BY JURY |
| Jay Holding Group LLC d/b/a Presidential Inn & Suites and S P Install Floorings LLC and Samuel Perez | |
| Defendants. | |

## **COMPLAINT**

Plaintiff, Carlos Manuel Molina ("Plaintiff"), by and through their attorneys, James M. Dore, complain against Jay Holding Group LLC d/b/a Presidential Inn & Suites ("Defendant" or "Presidential Suites"), SP Install Floorings LLC ("Defendant" or "SP Flooring") and Samuel Perez ("Defendant" or "Perez"); these may collectively be referred to as ("Defendants").  In support of this Complaint, Plaintiff states:

## **Introduction**

1.     This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed.

## **Parties**

2.     Plaintiff is a resident of Las Vegas, Nevada; and he was employed by Defendants.

3.     Presidential Suites is a business that is located, headquartered, and conducts business in Aztec, New Mexico.

4.      SP Flooring  is a business that is located, headquartered, and conducts business in Aztec, New Mexico.

5.      Perez is the owner and President of SP Flooring and they are in charge of its employees.  On information and belief, Perez is a resident of Aztec, New Mexico.

6.      Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.

## Jurisdiction And Venue

7.      The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in the District of New Mexico because all underlying facts and transactions occurred in or about Aztec, New Mexico.

## Facts Common To All Claims

9.      Presidential Suites is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

10.      SP Floorings is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

11.      Perez is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" at SP Flooring; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and

conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

## COUNT I: VIOLATION OF THE FLSA

12.     Plaintiff reincorporates by reference Paragraphs 1 through 11, as if set forth in full herein for Paragraph 12.

13.     Plaintiff began working at Defendants in or before November 26, 2021 until March 21, 2022.

14.     At all times, Plaintiff held the same position at Defendants, where he was a carpenter.  Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform various carpentry work for remodelations, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

15.     Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 105 hours per week.

16.     Plaintiff was paid their wages on a(n) weekly basis.

17.     Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

18.     Plaintiff 's rate of pay was $20.00 per hour.

19.     Throughout the course of Plaintiff 's employment with Defendants they regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

20.     Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

21.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiff 's time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

22.     Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit.  On information and belief, this amount includes: (i) $11,050.00 in unpaid overtime wages; (ii) liquidated damages of $11,050.00; and (iii) Plaintiff's attorney's fees and costs, to be determined.  A calculation of Plaintiff's damages are attached as Exhibit A.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in their favor and against Defendants jointly and severally, for:

A.     The amount of unpaid overtime wages for all time worked by Plaintiff 1 in excess of forty (40) hours in individual work weeks, totaling at least $11,050.00.

B.     An award liquidated damages in an amount equal to at least $11,050.00

C.     A declaration that Defendants violated the FLSA.

D.     An award reasonable attorneys' fees and costs; and

E.     Any such additional or alternative relief as this Court deems just and proper.

### COUNT II: VIOLATION OF NMMWA
### Failure to Pay Minimum Wages

23. Plaintiff incorporates Paragraphs 1-21, as if set forth herein for this Paragraph 23.

24. This count arises from Defendants' violation of the NMMWA, by failing to pay Plaintiff New Mexico mandated minimum wages for all hours in violation of NMMWA.

25. Defendants' failure to pay Plaintiff the New Mexico-mandated minimum wage rate for all hours worked is a violation of the NMMWA.

26. Defendants' failure to pay Plaintiff the required minimum wage is a violation of the

NMMWA.

27. According to NMSA 1978 § 50-4-26, Plaintiff is entitled to recover unpaid earned wages and unpaid minimum wages, plus interest, plus twice the amount of unpaid or underpaid wages. In addition, Plaintiff is allowed to recover attorney's fees and costs.

   **WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in their favor and against Defendants jointly and severally, for:

A. The amount of unpaid minimum wages for all time worked by Plaintiff, totaling at least $11,050.00.

B. Twice the amount of unpaid minimum wages in an amount equal to at least $22,100.00.

C. A declaration that Defendants violated the NMMWA.

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT III: VIOLATION OF
## NMMWA –
### Failure to Pay Earned Wages

28. Plaintiff incorporates Paragraphs 1-21, as if set forth herein for this Paragraph 28.

29. This count arises from Defendants' violation of the NMMWA by failing to pay Plaintiff for all earned wages.

30. Defendant's failure to pay Plaintiff his earned wages for all hours worked is a violation of the NMMWA.

31. Plaintiff earned wages of $4,000.00 for his work for the Defendants for 3 weeks of work until March 21, 2022.

32. Defendants did not pay Plaintiff for his work.

33. The amount of unpaid earned wages owed to Plaintiff is $4,000.00.

34. According to NMSA 1978 § 50-4-26, Plaintiff is entitled to recover unpaid earned wages and unpaid minimum wages, plus interest, plus twice the amount of unpaid or underpaid wages. In addition, Plaintiff is allowed to recover attorney's fees and costs.

   **WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in their favor and against Defendants jointly and severally, for:

A. The amount of wages worked by Plaintiff for which he was not paid all earned wages, totaling at least $4,000.00;

B. Twice the amount of unpaid earned wages in an amount equal to at least $8,000.00.

C. A declaration that Defendants violated the NMMWA.

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.


                                             /s/James M. Dore
                                             By Their Attorney

James M. Dore
(NM Bar No. 159707)
Justicia Laboral LLC
6232 N. Pulaski, #300
Chicago, IL 60646
Phone: 773-415-4898
jdore@justicialaboral.com




                    **PLAINTIFFS DEMAND TRIAL BY JURY**