IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS MANUEL MOLINA,

       Plaintiff,

v.                                                             1:22-cv-00702-MV-LF

JAY HOLDING GROUP LLC d/b/a
Presidential Inn & Suites and
SP INSTALL FLOORINGS LLC and SAMUEL PEREZ,

       Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on two *sua sponte* orders to show cause issued to pro se plaintiff Carlos Manuel Molina. Docs. 23, 25. The Court issued the first order to show cause because Mr. Molina failed to attend a telephonic Rule 16 Initial Scheduling Conference scheduled for January 9, 2023. Doc. 25 ("first order"). Mr. Molina was required to respond to the first order by January 24, 2023, but failed to do so. Accordingly, the Court issued a second order to show cause for Mr. Molina's failure to comply with the Court's first order. Doc. 25 ("second order"). Mr. Molina was required to respond to the second order by March 20, 2023. *Id*. The record indicates that the second order was mailed to Mr. Molina at his address of record. There is no indication that Mr. Molina did not receive the second order to show cause. Nonetheless, Mr. Molina failed to respond to the second order to show cause in violation of that order. This is the third time Mr. Molina has failed to obey an order of the Court. Mr. Molina has not filed anything with the Court or participated in the prosecution of this case since before December 6, 2022, when his attorney sought to withdraw from the case because he was unable to contact Mr. Molina. Doc. 16.

The Court may issue any just orders, including sanctions authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party fails to appear at a scheduling or other pretrial conference, *see* FED. R. CIV. P. 16(f), or fails to obey a court order, *see* FED. R. CIV. P. 41(b).  Rule 16(f) "indicates the intent to give courts very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial."  *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Mulvaney v. Rivair Flying Serv., Inc*. *(In re Baker)*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc)).  "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice."  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir.1992).

Before imposing dismissal as a sanction, a district court should evaluate the following factors on the record: "(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Gripe*, 312 F.3d at 1188 (summarizing the *Ehrenhaus* factors).  Dismissal as a sanction under Rule 16(f) should ordinarily be evaluated under the same factors.  *See id*.  "The factors do not create a rigid test but are simply criteria for the court to consider."  *Id*. (citing *Ehrenhaus,* 965 F.2d at 921).

In this case, Mr. Molina failed to obey several orders of the Court.  He failed to participate in the preparation of the Joint Status report and Provisional Discovery Plan ("JSR"), failed to attend a scheduled Rule 16 Initial Scheduling Conference, and failed to respond to two orders to show cause.  Mr. Molina's failure to participate has not yet caused a high degree of prejudice to defendants.  Although defendants have expended time and money preparing the JSR

and attending the scheduling conference pursuant to the deadlines imposed by the Court, *see* Docs. 19, 21, they have not expended an inordinate amount of time dealing with this case. Mr. Molina's lack of participation, however, does interfere with the judicial process. The case has been stymied by Mr. Molina's refusal to respond or participate. The case cannot move forward without his participation. Mr. Molina is culpable for violating the Court's orders. There is no indication that he did not receive the Court's orders, and no explanation as to why he has refused to abide by them. Finally, Mr. Molina was warned in the first and second orders to show cause that sanctions—including dismissal—could be imposed. Doc. 23 at 2; Doc. 25 at 2. Despite these warnings, Mr. Molina has ignored three orders of this Court, indicating that lesser sanctions would not be effective.

Because the *Ehrenhaus* factors weigh in favor of dismissal, I recommend that pro se plaintiff Carlos Manuel Molina's complaint be dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id.* **In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge